# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

**I. (a) PLAINTIFFS**

ANTHONY PEARSON

**DEFENDANTS**

AMERICAN MEDIA, INC.
NATIONAL ENQUIRER, INC.

3 03CV 1328 R

**(b)** County of Residence of First Listed Plaintiff  DALLAS COUNTY, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  PALM BEACH COUNTY, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Charles Hosch
Strasburger & Price, LLP
901 Main St., Suite 4300
Dallas, TX 75202-3794  (214)651-4300

Attorneys (If Known)
Thomas Leatherbury
Vinson & Elkins, LLP
2001 Ross Ave., Suite 3700
Dallas, TX 75201-2975  (214)220-7700

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- G 1  U.S. Government Plaintiff
- G 2  U.S. Government Defendant
- G 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ | G 1 | Incorporated or Principal Place of Business In This State | G 4 | G 4 |
| Citizen of Another State | G 2 | ☒ | Incorporated and Principal Place of Business In Another State | G 5 | ☒ |
| Citizen or Subject of a Foreign Country | G 3 | G 3 | Foreign Nation | G 6 | G 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| G 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | G 610 Agriculture | G 422 Appeal 28 USC 158 | G 400 State Reapportionment |
| G 120 Marine | G 310 Airplane | G 362 Personal Injury— Med. Malpractice | G 620 Other Food & Drug | | G 410 Antitrust |
| G 130 Miller Act | G 315 Airplane Product Liability | G 365 Personal Injury — Product Liability | G 625 Drug Related Seizure of Property 21 USC 881 | G 423 Withdrawal 28 USC 157 | G 430 Banks and Banking |
| G 140 Negotiable Instrument | | | | | G 450 Commerce/ICC Rates/etc. |
| G 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 320 Assault, Libel & Slander | G 368 Asbestos Personal Injury Product Liability | G 630 Liquor Laws | **PROPERTY RIGHTS** | G 460 Deportation |
| G 151 Medicare Act | G 330 Federal Employers' Liability | | G 640 R.R. & Truck | G 820 Copyrights | G 470 Racketeer Influenced and Corrupt Organizations |
| G 152 Recovery of Defaulted Student Loans (Excl. Veterans) | G 340 Marine | **PERSONAL PROPERTY** | G 650 Airline Regs. | G 830 Patent | G 810 Selective Service |
| G 153 Recovery of Overpayment of Veteran's Benefits | G 345 Marine Product Liability | G 370 Other Fraud | G 660 Occupational Safety/Health | G 840 Trademark | G 850 Securities/Commodities/ Exchange |
| G 160 Stockholders' Suits | G 350 Motor Vehicle | G 371 Truth in Lending | G 690 Other | | G 875 Customer Challenge 12 USC 3410 |
| G 190 Other Contract | G 355 Motor Vehicle Product Liability | G 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | G 891 Agricultural Acts |
| G 195 Contract Product Liability | G 360 Other Personal Injury | G 385 Property Damage Product Liability | G 710 Fair Labor Standards Act | G 861 HIA (1395ff) | G 892 Economic Stabilization Act |
| | | | G 720 Labor/Mgmt. Relations | G 862 Black Lung (923) | G 893 Environmental Matters |
| | | | | G 863 DIWC/DIWW (405(g)) | G 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | G 730 Labor/Mgmt.Reporting & Disclosure Act | G 864 SSID Title XVI | G 895 Freedom of Information Act |
| G 210 Land Condemnation | G 441 Voting | G 510 Motions to Vacate Sentence | G 740 Railway Labor Act | G 865 RSI (405(g)) | G 900 Appeal of Fee Determination Under Equal Access to Justice |
| G 220 Foreclosure | G 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | |
| G 230 Rent Lease & Ejectment | G 443 Housing/ Accommodations | G 530 General | G 790 Other Labor Litigation | G 870 Taxes (U.S. Plaintiff or Defendant) | G 950 Constitutionality of State Statutes |
| G 240 Torts to Land | G 444 Welfare | G 535 Death Penalty | | | |
| G 245 Tort Product Liability | G 440 Other Civil Rights | G 540 Mandamus & Other | G 791 Empl. Ret. Inc. Security Act | G 871 IRS—Third Party 26 USC 7609 | G 890 Other Statutory Actions |
| G 290 All Other Real Property | | G 550 Civil Rights | | | |
| | | G 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- G 1  Original Proceeding
- ☒ 2  Removed from State Court
- G 3  Remanded from Appellate Court
- G 4  Reinstated or Reopened
- G 5  Transferred from another district (specify)
- G 6  Multidistrict Litigation
- G 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

LIBEL, INVASION OF PRIVACY

**VII. REQUESTED IN COMPLAINT:**  G CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $  CHECK YES only if demanded in complaint: JURY DEMAND: G Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  June 16, 2003

SIGNATURE OF ATTORNEY OF RECORD  Thomas S. Leath[erbury]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# United States District Court
## Northern District of Texas



### Supplemental Civil Cover Sheet For Cases Removed From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**   **3 03CV 1328R**

    Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

    | Court | Case Number |
    |---|---|
    | 68th Dallas County District Court | 03-04487 |

2. **Style of the Case:**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

    | **Party and Party Type** | **Attorney(s)** |
    |---|---|
    | See Attachment to Supplemental Civil Cover Sheet | |

3. **Jury Demand:**

    Was a Jury Demand made in State Court?   Yes   X No

    If "*Yes*," by which party and on what date?

    _____          _____
    Party                                                                              Date

**Supplemental Civil Cover Sheet**
**Page 2**

4. **Answer:**

   Was an Answer made in State Court?     Yes   X No

   If "*Yes*," by which party and on what date?

   _____     _____
   Party                                Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   **Party**                            **Reason(s) for No Service**

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   **Party**                            **Reason**

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | **Party** | **Claim(s)** |
   |---|---|
   | Defendants | Defendants remove this State Court Petition pursuant to diversity jurisdiction. The Petition on its face shows that complete diversity of parties exists in this Cause of Action, and it is facially apparent that the claims seek damages in excess of $75,000. |
   | Plaintiff | The Petition alleges claims for libel and invasion of privacy. |

   724222_1.DOC



## ATTACHMENT TO SUPPLEMENTAL CIVIL COVER SHEET

2. **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

**Party and Party Type**

| | |
|---|---|
| PLAINTIFF: | Attorney(s) for Plaintiff: |
| Anthony Pearson | Charles M. Hosch (TBA #10026925) |
| | M. Ames Hutton (TBA #24012879) |
| | Strasburger & Price, LLP |
| | 901 Main Street |
| | Suite 4300 |
| | Dallas, TX 75202-3794 |
| | (214) 651-4300 |
| | (214) 651-4330 (fax) |
| DEFENDANTS: | Attorneys for Defendants: |
| American Media, Inc. | Thomas S. Leatherbury (TBA #12095275) |
| National Enquirer, Inc. | Michael L. Raiff (TBA# 00784803) |
| | Vinson & Elkins L.L.P. |
| | 3700 Trammell Crow Center |
| | 2001 Ross Avenue |
| | Dallas, Texas 75201-2975 |
| | (214) 220-7700 |
| | (214) 220-7716 (fax) |

724224_1.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
JUN 16 2003
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ANTHONY PEARSON, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| AMERICAN MEDIA, INC., and | § | |
| NATIONAL ENQUIRER, INC., | § | 1328 |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants American Media, Inc., and National Enquirer, Inc., respectfully submit this Notice of Removal (the "*Notice*") of an action from the 68th Judicial District Court in Dallas County, Texas, styled *Anthony Pearson v. American Media, Inc., and National Enquirer, Inc.,* Cause No. 03-04487, to the United States District Court for the Northern District of Texas, Dallas Division, and respectfully show the Court as follows:

### I. STATEMENT OF THE CASE

Plaintiff Anthony Pearson filed this lawsuit on May 16, 2003, in the 68th Judicial District Court for Dallas County, Texas (the "*state court*"). A true and correct copy of the state court petition is attached hereto as Exhibit A. Upon information and belief, on May 19, 2003, Plaintiff sought service of process on Defendants by forwarding a citation and copy of the petition to the Office of the Secretary of State of Texas. Upon information and belief, the Office of the Secretary of State of Texas received a citation and petition directed to each Defendant on May 27, 2003. True and correct copies of the citations directed to American Media, Inc., and National Enquirer, Inc., are attached hereto as Exhibits B and C. On June 2, 2003, the Office of

the Secretary of State forwarded to Defendants the process received on May 27, 2003. True and correct copies of the letters forwarded by the Office of the Secretary of State are attached as Exhibits D and E.

Plaintiff's petition claims that Defendants published multiple articles about Plaintiff to the general American public and that the articles contained defamatory, false, and libelous statements. Pet. ¶¶ 8-9, 13-14. Plaintiff also claims that Defendants invaded his privacy, by, among other things, publishing "that Pearson is the illegitimate child of a well-known politician." Pet. ¶¶ 10, 13-14. Plaintiff further claims he suffered "actual damages, including but not limited to injury to his reputation and good name, personal humiliation, mental anguish, and suffering." Pet. ¶ 16. In addition, Plaintiff alleges that Defendants acted with malice, and that, as a result, he is entitled to exemplary and special damages. Pet. ¶ 15, and Prayer at ¶ A. As will be demonstrated below, this Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441 and 1446(b).

## II.  DIVERSITY OF CITIZENSHIP

The three jurisdictional requirements for removal are satisfied.

*Diversity of Citizenship.* There is complete diversity of citizenship between the Plaintiff and Defendants, both now and at the time this lawsuit was filed. Plaintiff's petition correctly alleges that Plaintiff Anthony Pearson is a natural person living in Dallas, Texas. Plaintiff's citizenship is unchanged at the time this notice of removal is filed. Therefore, Plaintiff is a citizen of Texas.

Defendant American Media, Inc., is organized and existing under the laws of Delaware with its principal place of business in Florida. Defendant American Media, Inc., was a citizen of Florida and Delaware at the time this suit was filed, and has remained a citizen of Florida and

Delaware through the time of the filing of this notice of removal. Therefore, Plaintiff and Defendant American Media, Inc., are parties of diverse citizenship, pursuant to 28 U.S.C. § 1332.

Defendant National Enquirer, Inc., is organized and existing under the laws of Florida with its principal place of business in Florida. Defendant National Enquirer, Inc., was a citizen of Florida at the time this suit was filed, and has remained a citizen of Florida through the time of the filing of this notice of removal. Therefore, Plaintiff and Defendant National Enquirer, Inc., are parties of diverse citizenship, pursuant to 28 U.S.C. § 1332, and there is complete diversity between the parties in this action.

***Amount in Controversy.*** The requisite amount in controversy is at stake. Although Plaintiff's petition does not allege an amount in controversy, it is facially apparent from the petition that an amount greater than $75,000 is at issue. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Luckett v. Delta Air Lines, Inc.* 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy satisfied, though amount not specified in complaint). "[W]here the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000]." *Allen,* 63 F.3d at 1336. Under this analysis, removal is proper if the Court, "in applying only common sense, would find that if plaintiffs were successful ... they would collect more than [$75,000]." *Id.* at 1336.

Here, Plaintiff alleges causes of action for defamatory, false, and libelous statements and for invasion of privacy. As the amount in controversy, Plaintiff seeks three kinds of damages: actual damages, special damages, and exemplary damages, which taken together would be "likely to exceed" the jurisdictional amount.

Plaintiff's alleged actual damages alone would satisfy the amount in controversy. Plaintiff claims injury to his reputation and good name. Pet. ¶ 16. Plaintiff also claims damages for personal humiliation. *Id.* Finally, Plaintiff seeks damages for mental anguish and suffering. *Id.* This combination of claims, if successful, would certainly exceed $75,000. *See White v. FCI USA, Inc.*, 319 F3d 672, 675-76 (5th Cir. 2003) (amount in controversy requirement was fulfilled, although amount was not specified in the complaint, where plaintiff sought damages for mental anguish and emotional distress). Moreover, Plaintiff seeks to broaden the scope of damages for his humiliation, mental anguish, damage to reputation, and emotional suffering by alleging that the statements at issue were published nationally and on the internet and that such statements were "widely disseminated." Pet. ¶ 11.

Plaintiff also alleges that Defendants acted maliciously. Pet. ¶ 15. His prayer for relief seeks special and exemplary damages. As explained in *Allen*, where a plaintiff seeks punitive damages from multiple defendants based on variety of harm allegedly caused by wanton conduct, a court applying "common sense" would find that removal was proper. *Allen*, 63 F.3d at 1336. In this case, Plaintiff has sued Defendants for multiple publications of statements disseminated on a nationwide basis, and he claims a wide variety of harm caused by alleged malicious and willful conduct. These allegations are likely to exceed $75,000, thus it is "facially apparent" that the amount in controversy is satisfied.

***Timeliness.*** This removal notice is timely. This Notice is submitted within the time allowed by law. *See* 28 U.S.C. § 1446(b).

### III.   STATE COURT PAPERS AND SERVICE OF NOTICE

Defendants' Notice of Removal is procedurally correct and complies with Local Rule 81. The Notice of Removal is accompanied by a true and correct copy of all process, pleadings,

NOTICE OF REMOVAL - Page 4

orders, and other papers filed in state court or served on the parties in state court (see Exhibits A-E), along with a state court docket sheet (Exhibit F) and an index of the matters filed in the state court action (*see* Exhibit G). Exhibit H is a separate list of all interested parties in the case and their lawyers, in compliance with Local Rule 3.1(f). Defendants have tendered a filing fee of $150.00 to the Clerk of the United States District Court for the Northern District of Texas, Dallas Division. Defendants have also tendered the Civil Cover Sheet and the Supplemental Civil Cover Sheet required by local practice. A notice of filing of removal, with a copy of this notice of removal attached, is being filed with the clerk of the 68th Judicial District Court of Dallas County, Texas, and Defendants have sent, by certified mail, return receipt requested, written notice of the removal to Plaintiff's attorney of record.

## IV.  CONCLUSION

For the foregoing reasons, Defendants pray that this action be removed to this Court for determination; that all further proceedings in the state court suit be stayed; and that Defendants have all additional relief to which they may be justly entitled.

Respectfully Submitted,

*[signature: Thomas S. Leat]*

Thomas S. Leatherbury
State Bar No. 12095275
Michael L. Raiff
State Bar No. 00784803
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
(214) 220-7792
(214) 999-7792 (fax)

ATTORNEYS FOR THE DEFENDANTS

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Notice of Removal to be served on all counsel of record via certified mail, return receipt requested, on this, the 16th day of June, 2003.

*[signature: Thomas S. Leat]*

Thomas Leatherbury

721933_1.DOC